<u>Not for Publication</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| 8 ERIE ST. JC LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF JERSEY CITY, et al.,<br><br>*Defendants*. | Civil Action No. 19-cv-9351<br><br><u>OPINION</u> |

<u>**John Michael Vazquez,  U.S.D.J.**</u>

In this matter, Plaintiff 8 Erie St. JC LLC ("8 Erie") alleges that two city ordinances violated its constitutional rights, state law, and private contractual rights.  Presently pending before the Court are motions to dismiss filed by the following Defendants: (1) Jersey City Redevelopment Agency ("JCRA"), D.E. 13; (2) the City of Jersey City and the Jersey City Council (the "Council" and together, the "City"), D.E. 16; and (3) the Jersey City Planning Board ("JCPB"), D.E. 35. Plaintiff filed a brief in opposition to the motions, D.E. 44, to which Defendants replied, D.E. 47, 48, 49.[1]  The Court reviewed the parties' submissions and decides the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part.**

---

[1] In this Opinion, JCRA's brief in support of its motion to dismiss (D.E. 13-1) will be referred to as "JCRA Br."; the City's brief in support of its motion to dismiss (D.E. 16-1) will be referred to as "City Br."; JCPB's brief in support of its motion to dismiss (D.E. 35-3) will be referred to as "JCPB Br."; Plaintiff's brief in opposition (D.E. 44) will be referred to as "Plf. Opp."; JCRA's reply brief (D.E. 49) will be referred to as "JCRA Reply"; the City's reply brief (D.E. 47) will be referred to as "City Reply"; and JCPB's reply brief (D.E. 48) will be referred to as "JCPB Reply".

## I. BACKGROUND[2] AND PROCEDURAL HISTORY

In 2011, the Council, by ordinance, adopted a redevelopment plan for a building located at 8 Erie Street in downtown Jersey City.  Pursuant to the plan, the JCRA issued a request for proposals for redevelopment of the building.  Compl. ¶ 17.  The plan "set forth no restrictions, other than those contained in the local zoning ordinances." *Id.* ¶ 18.  The JCRA awarded 8 Erie the winning proposal in January 2012, and 8 Erie subsequently entered into an agreement (the "Redevelopment Agreement") with the JCRA on July 20, 2012.  *Id.* ¶¶ 19-20.  Through the Redevelopment Agreement, Plaintiff purchased the property and agreed to convert a historic three-story building into residential units on the second and third floors, and commercial space on the ground floor and basement.  *Id.* ¶ 22.  Over the next three years, Plaintiff spent over $7 million to redevelop the property; on June 19, 2015, Jersey City issued Plaintiff a certificate of occupancy for the building.  *Id.* ¶¶ 24, 28.

While Plaintiff was redeveloping the building, the City passed two ordinances that limited the type of commercial businesses that could lease space in certain areas of Jersey City (the "Challenged Ordinances").  The Challenged Ordinances, City Ordinances 15.052 and 15.053, were passed by the Council on May 13, 2015.  *Id.* ¶¶ 42, 56.  Ordinance 15.052 created a definition for "formula business," which, generally and subject to certain exceptions, is a commercial business with at least two standardized characteristics and that has ten or more locations within 300 miles of Jersey City.  *Id.* ¶ 40.  Ordinance 15.053 amended certain redevelopment plans, including the

---

[2] The factual background is taken from Plaintiff's Complaint.  D.E. 1.  When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

plan for 8 Erie Street, by limiting formula business establishments "to a maximum of 30% of ground floor leasable commercial area." *Id.* ¶ 49.

Plaintiff alleges Jersey City's Mayor, Steven M. Fulop, forced the Challenged Ordinances through the Council to bolster political support for his gubernatorial campaign. *Id.* ¶¶ 29-32. Specifically, Plaintiff pleads that the JCPB made its recommendations as to the Challenged Ordinances "solely at the insistence of the Mayor" and did not conduct any meaningful review before recommending the Ordinances to the Council. *Id.* ¶ 34. Moreover, the Council, which consisted of a majority of "Fulop-loyalists," "rubber-stamped" the JCPB's recommendations to adopt the Challenged Ordinances. *Id.* ¶¶ 2, 42 Plaintiff also alleges that the restrictions were structured to "focus on soft targets" to avoid public backlash. These soft targets, like Plaintiff, were "least likely to bear the cost of challenging the legality of the ordinances." *Id.* ¶ 3. Plaintiff also contends that Defendants have selectively applied Ordinance 15.053, specifically pointing to a 2017 donut shop opening. *Id.* ¶¶ 62-65.

After the Challenged Ordinances were passed, Plaintiff purportedly obtained an "economically advantageous proposal" from a formula business to lease ground floor commercial space in the building. The formula business, however, was prohibited from leasing the space because of the Challenged Ordinances. *Id.* ¶¶ 67-68. The Challenged Ordinances also decreased the value of Plaintiff's property. *Id.* ¶ 71.

Plaintiff brought suit on April 5, 2019. D.E. 1. Plaintiff alleges that the Challenged Ordinances violated the Commerce Clause and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's Complaint also asserts multiple state law claims. Plaintiff initially sought injunctive relief declaring that the Challenged Ordinances are unconstitutional, in addition to monetary relief from the lost tenant and decreased property value. *Id.* After Plaintiff filed its

Complaint, however, the Challenged Ordinances were repealed.  Although Plaintiff no longer seeks injunctive relief, it still seeks monetary damages through this action.  D.E. 21.

## II.  LEGAL STANDARD

Defendants seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.

## III.  ANALYSIS

### 1.  Dismissal Based on Mootness

The City and the JCPB first argue that the Complaint should be dismissed as moot because the Challenged Ordinances were repealed on May 8, 2019.[3]  *See, e.g.*, City Br. at 9-11.  "The

---

[3] Although the City and the JCPB seek to dismiss the Complaint pursuant to Rule 12(b)(6), dismissing a complaint as moot is properly framed as one for lack of subject matter jurisdiction. In any event, when subject matter jurisdiction is challenged on the basis of the pleadings pursuant

doctrine of mootness requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) (quoting *N.J. Tpk. Auth. v. Jersey Cent. Power*, 772 F.2d 31 (3d Cir. 1985)). "If a claim no longer presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." *Nextel W. Corp. v. Unity Township*, 282 F.3d 257, 261 (3d Cir. 2002). An amendment that removes the challenged aspects of statute or ordinance moots a claim for injunctive relief from the challenged law. *Id.* Such an amendment, however, does not necessarily moot a plaintiff's claims for compensatory damages or attorneys' fees. *See Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 260 (3d Cir. 2007) (allowing a plaintiff's claims for damages and attorneys' fees that resulted from an allegedly unconstitutional ordinance to proceed).

Here, Plaintiff asserts claims for injunctive relief (Count Seven) and seeks compensatory damages and attorneys' fees. Compl. ¶¶ 118-26. Plaintiff concedes that its claim for injunctive relief "is moot following the repeal of the ordinances." Plf. Opp. at 13. Accordingly, Count Seven is dismissed for lack of subject matter jurisdiction. Plaintiff, however, argues that the remainder of its claims present a live controversy. *Id.* at 12-13. The Court agrees. Plaintiff alleges that while the Challenged Ordinances were in effect, it lost a prospective commercial tenant and that the Ordinances significantly reduced the value of its property. Compl. ¶¶ 67-71. These alleged damages constitute a live controversy despite the fact that the Challenged Ordinances have been repealed. Therefore, the City and the JCPB's motion to dismiss is denied on these grounds as to the remaining counts of the Complaint.

---

to Rule 12(b)(1), courts apply the same standard of review as a Rule 12(b)(6) motion to dismiss. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

### 2.  Dismissal for Failure to State a Claim

In Counts One and Two, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against all Defendants.  Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).  No Defendant argues that it did not act under color of state law for purposes of the instant motions.[4]  Accordingly, the Court focuses on whether the Challenged Ordinances violated the Commerce Clause (Count I) or Equal Protection Clause (Count II).

### a.  Group Pleading

At the outset, Defendants all argue that the Complaint must be dismissed because Plaintiff fails to plead sufficient facts demonstrating each Defendant's individual involvement in the purported wrongdoing.  Mere "conclusory allegations against [d]efendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss.  *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015).  A

---

[4] The JCRA states that "[f]or the limited purpose of this motion, and in a good faith effort to reduce the issues before the Court, the JCRA will not dispute that . . . at all relevant times [it] acted under color of state law."  JCRA Br. at 12-13.

plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.*

In this instance, Plaintiff falls short of the requirement that it plead specific facts as to each Defendant's involvement in the alleged wrongdoing. Instead, Plaintiff frequently groups the Defendants together and simply alleges that collectively, Defendants acted improperly. Moreover, the most detailed allegations of wrongdoing in the Complaint involve the Jersey City Mayor, Steven M. Fulop, who is not even a defendant. *See, e.g.*, Compl. ¶¶ 29-39. Without sufficient factual allegations pertaining to each Defendant's wrongdoing, the Complaint is not plausibly pled. Although the group pleading deficiency is dispositive, Plaintiff's pleading contains additional defects which the Court will address because Plaintiff will be granted leave to amend its § 1983 claims.

### b. Equal Protection Violation (Count II)

In Count II, Plaintiff alleges that by enacting the Challenged Ordinances, Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. Compl. ¶¶ 80-91. Plaintiff does not allege that it is a member of a protected class.[5] As a result, Plaintiff appears to assert an equal protection claim based on a "class of one" theory. *See* Plf. Opp. at 17-20 (arguing that Plaintiff sufficiently pleads a class-of-one equal protection claim). To state

---

[5] Ordinarily, to plead a claim under the equal protection clause, a plaintiff must plead that it is a member of a protected class, and was treated differently than similarly situated members of the unprotected class. *See Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 651 (D.N.J. 2005).

a class-of-one equal protection claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

Here, Plaintiff fails to sufficiently allege that any Defendant intentionally treated it differently than other similarly situated businesses. Plaintiff asserts that the Challenged Ordinances restricted "certain downtown redevelopment areas." Compl. ¶ 54. Therefore, to the extent that Plaintiff's claim is premised on passing the Challenged Ordinances, the intentional act apparently applied to all owners/landlords in the designated areas, not solely Plaintiff. Plaintiff's equal protection claim fails on these grounds.

Plaintiff contends that it sufficiently asserts a class-of-one claim because it pleads that the City "permitted a formula business donut shop" to open in an area that was subject to the business restrictions in the Challenged Ordinances. Compl. ¶ 62. Plaintiff continues that Defendants permitted this business to open because it was labeled as a factory and that Defendants selectively enforced the Challenged Ordinances in a manner that allowed the donut shop to open. *Id.* ¶¶ 64-65. Taking Plaintiff's allegations as true, the Complaint establishes that Defendants intentionally acted in a manner that helped a single business, at the expense of Plaintiff and other owners/landlords. As result, Plaintiff was not the only one adversely affected, which undercuts its class-of-one theory.

### c.  Commerce Clause Violation (Count I)

In Count I, Plaintiff alleges that the Challenged Ordinances violated the Commerce Clause of the United States Constitution because they discriminated against interstate commerce. The Commerce Clause provides that Congress has the power "[t]o regulate Commerce . . . among the

several States."  U.S. Const. Art. I, § 8, cl. 3.  The Clause contains an implied requirement, frequently referred to as the Dormant Commerce Clause, "that states not 'mandate differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.'"  *Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd.*, 462 F.3d 249, 261 (3d Cir. 2006) (quoting *Granholm v. Heald*, 544 U.S. 460, 472 (2005)).  Pursuant to the Dormant Commerce Clause, "state regulations may not discriminate against interstate commerce," and "may not impose undue burdens on interstate commerce."  *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2091 (2018).  State laws that even-handedly regulate "to effectuate a legitimate local public interest will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."  *Id.* (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).  State laws, however, "that discriminate against interstate commerce face 'a virtually *per se* rule of invalidity.'"  *Id.* (quoting *Granholm*, 544 U.S. at 476).

The City contends that Count I should be dismissed because it is barred by the statute of limitations.  City Br. at 6-9.  The statute of limitations is an affirmative defense not normally decided on a motion to dismiss.  *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015).  However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate.  *Id*.

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts."  *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).  In New Jersey, personal injury torts have a two-year statute of limitations.  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).  Federal law, however, governs the date when a Section 1983 claim accrues and the statute of limitations begins to run.  *Nguyen*, 906 F.3d at 273.  "A claim accrues when the last act needed to complete the tort occurs."  *Id.*

Unlike the equal protection challenge, Plaintiff's commerce clause claim does not allege that Defendants' application of either of the Challenged Ordinances personally harmed Plaintiff. Instead, Plaintiff alleges that the Challenged Ordinances unconstitutionally discriminate against interstate commerce on their face by limiting formula businesses in certain areas of Jersey City. Compl. ¶¶ 75-77.   Accordingly, Plaintiff appears to assert a facial dormant commerce clause challenge in Count I.[6]  *See Waterfront Renaissance Assocs. v. City of Philadelphia*, 701 F. Supp. 2d 633, 642 (E.D. Pa. 2010) ("Count XV does not allege the ordinance is unconstitutional because of its application to [Plaintiff]; rather it alleges the ordinance is unconstitutional in all applications. Therefore, count XV is a facial challenge.").   A facial challenge to an ordinance "accrue[s] on the date the ordinance is passed."  *Silver Enters., Inc. v. Township of Freehold*, No. 07-2322, 2008 WL 4068156, at *3 (D.N.J. Aug. 22, 2008); *see also Knick v. Township of Scott*, 862 F.3d 310, 324 (3d Cir. 2017) (explaining that facial challenges "are generally ripe the moment the challenged regulation or ordinance is passed" (quoting *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736 n.10 (1997))), *overruled on other grounds by Knick v. Township of Scott*, 139 S. Ct. 2162 (2019); *Waterfront Renaissance Assocs.*, 701 F. Supp. 2d at 643 (explaining that facial challenge to ordinance asserted in an amended complaint more than two years after ordinance was passed was barred by the statute of limitations unless it related back to the original complaint).   The Challenged Ordinances were passed in 2015, Compl. ¶¶ 42, 56, and Plaintiff filed its complaint in

---

[6] In its opposition brief, Plaintiff argues that it presents an as-applied dormant commerce clause challenge in Count I.  Plf. Opp. at 16.  Plaintiff, however, cannot amend its pleading through a brief.  *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).

2019, D.E. 1, approximately four years later. Consequently, as pled, Count I is barred by the two-year statute of limitations.[7]

Plaintiff counters that the discovery rule applies to Count I. Pursuant to the federal discovery rule, "a claim will accrue when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Romero v. Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005). As discussed, Plaintiff appears to assert a facial commerce clause challenge in Count I. Although Plaintiff claims that it did not have actual notice of the Challenged Ordinances, it admits that there were public hearings before both of the Challenged Ordinances were adopted. Compl. ¶¶ 45, 50, 57. More importantly, once a law is passed, all relevant citizens are deemed to have notice of its contents. *See Fed. Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). Finally, by virtue of Ordinance 15.053, language regarding the formula business restriction was inserted into the Redevelopment Plan for 8 Erie Street. Compl. ¶¶ 2, 49. Therefore, the Court concludes that Plaintiff had, at a minimum, sufficient constructive notice of the Challenged Ordinances when they were enacted in 2015. The discovery rule does not save Count I from the statute of limitations. As a result, Count I is dismissed.[8]

---

[7] The City also seek to dismiss Count II on statute of limitations grounds. City Br. at 6-9. Count II raises an as-applied rather than facial challenge. *See* Compl. ¶¶ 88-90 (alleging that Defendants selectively enforced the Challenged Ordinances in a manner that damaged Plaintiff). "[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Williams v. Borough of Highland Park*, 707 F. App'x 72, 75 (3d Cir. 2017) (quoting *Dique*, 603 F.3d at 185-86). Thus, an as-applied constitutional challenge to an ordinance accrues once the ordinance is enforced as to a plaintiff. *See, e.g., id.* (affirming decision that as-applied claim accrued when plaintiffs received notices informing them that their property was not in compliance with the challenged ordinance). In this instance, it is not clear from the Complaint when Plaintiff is asserting that the Challenged Ordinances were improperly enforced as to it. Because the Court is granting Plaintiff leave to amend, Plaintiff should make such allegation clear in its amended complaint should it choose to file one.

[8] Because the Court is dismissing Count I on statute of limitations grounds, it will not address Defendants' remaining arguments that the claim is not plausibly pled.

### 3. Supplemental Jurisdiction

To adjudicate a case, a federal court must have either federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011).  Here, the parties are not diverse.  *See* Compl. ¶¶ 6-10 (alleging that all parties are citizens of New Jersey).  Instead, as noted above, the Court's federal question jurisdiction is based on Plaintiff's § 1983 and declaratory judgment claims.  *See Rockefeller*, 424 F. App'x at 83 (federal question jurisdiction arises when a federal court has subject matter jurisdiction arising under "the Constitution, laws, or treaties of the United States.").  This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367(a).

28 U.S.C. § 1367(a) confers district courts with supplemental jurisdiction over "claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  28 U.S.C. § 1367(c), however, gives district courts discretion to decline to hear claims they would otherwise have supplemental jurisdiction to entertain pursuant to § 1367(a).  Namely, § 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  While the determination of whether to decline supplemental jurisdiction under § 1367(c)(3) is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction."  *Shaffer v. Township of Franklin*, No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law"); *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit

12

is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court.").

As discussed, Plaintiff's § 1983 and declaratory judgment claims are dismissed.  And those are the claims that form the basis of the Court's subject-matter jurisdiction.  As a result, the Court does not reach any issues concerning counts over which it exercises supplemental jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED in part and DENIED in part**.  Count VII is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  Plaintiff's § 1983 claims, Counts I and II, are **DISMISSED** pursuant to Rule 12(b)(6). These Counts are dismissed without prejudice.  Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein with respect to its § 1983 claims. Alternately, if Plaintiff chooses not to replead its § 1983 claims, Plaintiff should notify the Court before the thirty days expire as this Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims.  If Plaintiff does not file an amended pleading, its state law claims will be dismissed for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

Dated:  May 21, 2020

John Michael Vazquez, U.S.D.J.

13