**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 8 ERIE ST. JC LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>CITY OF JERSEY CITY, et al.,<br><br>    *Defendants*. | Civil Action No. 19-cv-9351<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this matter, Plaintiff 8 Erie St. JC LLC ("8 Erie") alleges that two city ordinances violated its constitutional rights, state law, and private contractual rights. Presently pending before the Court are motions to dismiss the Amended Complaint filed by the following Defendants: (1) the City of Jersey City and the Jersey City Council (the "Council" and together, the "City"), D.E. 64; (2) the Jersey City Planning Board ("JCPB"), D.E. 65; and (3) the Jersey City Redevelopment Agency ("JCRA"), D.E. 66. Plaintiff filed a brief in opposition, D.E. 69, to which Defendants replied, D.E. 72, 73, 74.[1] The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part.**

---

[1] In this Opinion, the City's brief in support of its motion to dismiss (D.E. 64-1) will be referred to as "City Br."; the JCPB's brief in support of its motion to dismiss (D.E. 65-1) will be referred to as "JCPB Br."; the JCRA's brief in support of its motion to dismiss (D.E. 66-1) will be referred to as "JCRA Br."; Plaintiff's brief in opposition (D.E. 69) will be referred to as "Plf. Opp."; the City's reply brief (D.E. 73) will be referred to as "City Reply"; the JCPB's reply brief (D.E. 72) will be referred to as "JCPB Reply"; and the JCRA's reply brief (D.E. 74) will be referred to as "JCRA Reply".

## I. BACKGROUND[2] AND PROCEDURAL HISTORY

The Court set forth the factual background of this matter in its prior Motion to Dismiss Opinion (the "prior Opinion"), D.E. 56, which the Court incorporates by reference here. Accordingly, the Court writes primarily for the parties, who are already familiar with this matter.

In 2012, the JCRA awarded 8 Erie with the winning proposal for a redevelopment plan of a property in Jersey City, and 8 Erie subsequently entered into an agreement (the "Redevelopment Agreement") with the JCRA on July 20, 2012. Am. Compl. ¶ 21. Through the Redevelopment Agreement, Plaintiff purchased the property at issue and agreed to convert an existing building into residential units on the second and third floors with commercial space on the ground floor and basement. *Id.* ¶¶ 23-24. Other than local zoning ordinances, the Redevelopment Agreement did not contain any restrictions on potential tenants of the building. *Id.* ¶¶ 18, 20.

While Plaintiff was redeveloping the building, the City passed two ordinances that limited the type of commercial businesses that could lease space in certain areas (the "Challenged Ordinances"). Plaintiff alleges Jersey City's Mayor, Steven M. Fulop, "acting as an agent for the City," forced the Challenged Ordinances through the Council to bolster political support for his gubernatorial campaign. *Id.* ¶¶ 32, 34. Plaintiff also pleads that the JCPB made its recommendations as to the Challenged Ordinances "solely at the insistence of the Mayor" and did not conduct any meaningful review before recommending the Ordinances to the Council. *Id.* ¶ 37. Ordinance 15.052 created a definition for "formula business," which, generally is a commercial business with at least two standardized characteristics and that has ten or more locations within

---

[2] The factual background is taken from Plaintiff's Amended Complaint. D.E. 60. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

300 miles of Jersey City. *Id.* ¶¶ 43, 45. Ordinance 15.053 amended certain redevelopment plans, including the plan for 8 Erie Street, by limiting formula business establishments "to a maximum of 30% of ground floor leasable commercial area." *Id.* ¶ 52. The Challenged Ordinances were repealed on April 17, 2019, after Plaintiff filed its initial Complaint. *Id.* ¶ 78.

Plaintiff alleges that while the Challenged Ordinances were in effect, they were selectively applied to Plaintiff's detriment. Specifically, Plaintiff contends that it lost a prospective tenant because the tenant was a formula business that was prohibited from leasing Plaintiff's property under the Challenged Ordinances. *Id.* ¶¶ 72-75. The Challenged Ordinances also decreased the value of Plaintiff's property. *Id.* ¶ 77. In 2017, however, the City permitted a Krispy Kreme to open in a redevelopment area that was subject to the Challenged Ordinances. Plaintiff alleges that the Krispy Kreme was a formula business. *Id.* ¶¶ 65-70.

Plaintiff sued on April 5, 2019, asserting claims under 42 U.S.C. § 1983, alleging violations of the Commerce Clause and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also asserted state law and contract-based claims. D.E. 1. Plaintiff initially sought injunctive and declaratory relief declaring that the Challenged Ordinances were unconstitutional, in addition to monetary relief from the lost tenant and decreased property value. *Id.* As noted, after Plaintiff filed its Complaint, however, the Challenged Ordinances were repealed. Although Plaintiff no longer seeks injunctive or declaratory relief, it still requests monetary damages. D.E. 21.

Defendants subsequently filed motions to dismiss, which the Court granted in part and denied in part. The Court dismissed the two Section 1983 claims of Plaintiff's Complaint for failure to state a claim and did not consider Plaintiff's remaining state law claims because it lacked supplemental jurisdiction. The Court also granted Plaintiff leave to file an amended pleading to

cure the identified deficiencies. D.E. 56, 57. Plaintiff filed its Amended Complaint on June 22, 2020. D.E. 60. Defendants then filed the instant motions to dismiss. D.E. 64, 65, 66.

## II. STANDING AND MOOTNESS

### A. Legal Standard

The City first argues that the Amended Complaint should be dismissed as moot, which is addressed through Federal Rule of Civil Procedure 12(b)(1). *See Goodmann v. People's Bank*, 209 F. App'x 111, 113 (3d Cir. 2006).

In deciding a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (citing *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). The City raises a facial attack here. Thus, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

Rule 12(b)(1) permits a court to dismiss a matter for lack of subject-matter jurisdiction, and a court lacks subject matter jurisdiction when a case becomes moot. *Id.* "The doctrine of mootness requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343 (3d Cir. 2003) (quoting *N.J. Tpk. Auth. v. Jersey Cent. Power*, 772 F.2d 31 (3d Cir. 1985)). "If a claim no longer

presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it." *Nextel W. Corp. v. Unity Township*, 282 F.3d 257, 261 (3d Cir. 2002).

**B. Analysis**

The City contends that the Amended Complaint should be dismissed as moot because the Challenged Ordinances were repealed on May 8, 2019. *See, e.g.*, City Br. at 7-9, 18-19. The City and the JCPB already made this argument in their first motions to dismiss, and the City makes a virtually identical argument here. In the prior Opinion, this Court determined that although Plaintiff's injunctive claims were moot because the Challenged Ordinances were repealed, Plaintiff presented a live controversy for its other claims. Opinion at 5. Namely, Plaintiff alleged that it lost a prospective commercial tenant because of the Challenged Ordinances and that the Ordinances significantly reduced the value of its property. *Id.* In the Amended Complaint, Plaintiff still alleges that it lost a tenant and that the property value decreased because of the Ordinances.[3] Am. Compl. ¶¶ 71-77. Accordingly, for the same reasons as discussed in the prior Opinion, Plaintiff's claims for monetary relief are not moot. The City's motion is denied on these grounds.

---

[3] Plaintiff previously conceded that its claims for injunctive relief were moot following repeal of the Ordinances, and this Court dismissed the claims as such. Opinion at 5. The Court also dismissed Plaintiff's claims for declaratory relief as moot. *Id.* at 13. The Amended Complaint, however, still asserts a claim for Declaratory and Injunctive Relief in Count Seven, and for an order declaring the Ordinances invalid and of no force or effect in Count Four. To be clear, because the Ordinances have been repealed, Plaintiff's claims for injunctive and declaratory relief regarding the constitutionality of the Challenged Ordinances remain moot. *See Nextel W. Corp. v. Unity Township*, 282 F.3d 257, 261 (3d Cir. 2002) ("[I]f an amendment removes those features in the statute being challenged by the claim, any claim for injunctive relief 'becomes moot as to those features.'" (quoting *Khodara Env't, Inc. v. Beckman*, 237 F.3d 186, 194 (3d Cir. 2001))); *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306-07 (3d Cir. 2020) (explaining that "a defendant arguing mootness must show that there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct" and that if the defendant's conduct stopped "because of a new statute . . . , its argument for mootness is much stronger").

### III. FAILURE TO STATE A CLAIM

The Court turns to Defendants' Rule 12(b)(6) arguments. The City seeks to dismiss the Amended Complaint in its entirety, and the JCPB and the JCRA seek to dismiss Counts II (asserted against all Defendants) and VI (asserted against the City and the JCRA).

#### A. Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

#### B. Analysis

##### 1. Section 1983 Claims

In Counts One and Two, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 alleging that the Challenged Ordinances violated the Commerce Clause (Count I, and only as to the City) and Equal Protection Clause (Count II, and as to all Defendants). As discussed in the prior Opinion,

to state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Again, no Defendant asserts that it is not a state actor, so the Court focuses its attention on whether any Defendant deprived Plaintiff of its constitutional rights.

### a. Statute of Limitations

The City first contends that Plaintiff's Section 1983 claims should be dismissed because they are barred by the statute of limitations. *See* City Br. at 11-13. The statute of limitations is an affirmative defense not normally decided on a motion to dismiss. *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015). However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *Id*.

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). In New Jersey, personal injury torts have a two-year statute of limitations. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Federal law, however, governs the date when a Section 1983 claim accrues and the statute of limitations begins to run. *Nguyen*, 906 F.3d at 273. "A claim accrues when the last act needed to complete the tort occurs." *Id.*

In the prior Opinion, this Court dismissed Plaintiff's Section 1983 Commerce Clause challenge because it was barred by the statute of limitations. The Court concluded that Plaintiff asserted a facial dormant Commerce Clause claim and that a facial challenge to an ordinance "accrue[s] on the date the ordinance is passed." Opinion at 10. Accordingly, because Plaintiff filed its Complaint approximately four years after the Ordinances were enacted, Plaintiff's claim

was barred. *Id.* at 10-11. In the prior Opinion, however, the Court recognized that an as-applied constitutional challenge to an ordinance does not necessarily accrue at the same time as a facial challenge. *Id.* at 11 n.7. Because the Court determined that Plaintiff did not plead an as-applied challenge, the Court did not address whether such a claim would be barred by the statute of limitations.

Now, Plaintiff makes clear that it is asserting an as-applied dormant Commerce Clause claim. Am. Compl. ¶ 83. Plaintiff also appears to assert an as-applied equal protection claim. *Id.* ¶¶ 100-04 (explaining that in early 2017 the City permitted a formula business donut shop to open in a restricted area but that Plaintiff and other property owners were negatively impacted by the Ordinances). In its motion to dismiss, the City argues that a facial challenge to the Ordinances is time barred. City Br. at 12. Plaintiff, however, asserted an as-applied challenge. Because the City's motion fails to address Plaintiff's stated theory, the City's motion is denied.[4]

### b. Commerce Clause Violation (Count I)

The City next maintains that Plaintiff's dormant Commerce Clause claim must be dismissed because it is conclusory and lacks specific factual allegations. City Br. at 21. Pursuant to the dormant Commerce Clause, "state regulations may not discriminate against interstate commerce," and "may not impose undue burdens on interstate commerce." *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2091 (2018). When faced with a dormant Commerce Clause challenge, a court must first determine whether the restriction "discriminates against interstate

---

[4] In its reply brief, the City argues for the first time that Plaintiff's as-applied claims accrued when the Challenged Ordinances were passed in 2015. City Reply at 5. Because the Amended Complaint clearly asserts an as-applied commerce clause challenge, the Court will not consider the City's argument because it was raised for the first time in the reply brief. *See e.g., Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020).

8

commerce in either purpose or effect." *Heffner v. Murphy*, 745 F.3d 56, 70 (3d Cir. 2014). "If so, the discriminatory restrictions must then survive heightened scrutiny," which requires the state to "demonstrate (1) that the statute serves a legitimate local interest, and (2) that this purpose could not be served as well by available nondiscriminatory means." *Id.* Thus, to state a *prima facie* dormant Commerce Clause claim, a plaintiff may demonstrate that the restriction discriminates against interstate commerce on its face or has the practical effect of doing so. *Id.*; *see also Freeman v. Corzine*, 629 F.3d 146, 148 (3d Cir. 2010) (explaining that a plaintiff first has the burden of proving that the statute is discriminatory). If a plaintiff does not plead that the challenged restriction is discriminatory, courts apply the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970). "The *Pike* balancing inquiry requires that we determine 'whether the [law's] burdens on interstate commerce substantially outweigh the putative local benefits.'" *Heffner*, 745 F.3d at 71 (quoting *Freeman*, 629 F.3d at 158).

Plaintiff sufficiently alleges that the Challenged Ordinances have the purpose and effect of discriminating against interstate commerce. Pursuant to the Challenged Ordinances, a business was precluded from operating in the redevelopment area if "10 or more other establishments that are similarly contractually obligated to the same corporate entity are in operation within 300 miles of Jersey City." *Id.* ¶ 43. The radius – 300 miles – would encompass several adjoining states, such as New York, Connecticut, and Pennsylvania. Thus, the effect of the Ordinances appears to limit businesses that already have out-of-state locations from opening another location in Jersey City. Accordingly, Plaintiff pleads that the practical effect of the Challenged Ordinances discriminates against interstate commerce. *See Cachia v. Islamorada*, 542 F.3d 839, 843 (11th Cir. 2008) (applying elevated scrutiny test to dormant Commerce Clause challenge of similar "formula business" prohibition ordinance because it "has the practical effect of discriminating

9

against interest state commerce"). Moreover, Plaintiff pleads that the purpose of the Challenged Ordinances was to "protect 'mom and pop' stores" from "out-of-state chains with greater resources." Am. Comp. ¶ 32. Because Plaintiff pleads that the purpose and effect of the Challenged Ordinances is discriminatory, elevated scrutiny applies and Plaintiff sufficiently states a dormant Commerce Clause claim.

In addition, even if the Court were to conclude that the impact on interstate business was incidental, Plaintiff pleads sufficient facts to state a claim under the *Pike* balancing test. As discussed, Plaintiff pleads that it lost a formula business tenant that already had out-of-state locations in the area. Because of these locations, the formula business could not lease Plaintiff's space. *Id.* ¶¶ 72-75. Further, Plaintiff pleads that this impact on interstate business outweighs the local benefits because the City did not have a legitimate interest in passing the Challenged Ordinances in the first place. Again, the City allegedly passed the Challenged Ordinances because of Mayor Fulop's desire to protect "mom and pop" businesses[5] from competition from national chain stores. *Id.* ¶¶ 32, 89. Given the fact that the *Pike* balancing test is a fact sensitive inquiry, dismissing the claim under Rule 12(b)(6) is not appropriate. *See Pike*, 397 U.S. at 142 (explaining that if there is a legitimate local interest "then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities").

In sum, Plaintiff sufficiently pleads an as-applied dormant Commerce Clause claim.

---

[5] To be clear, the Court is not finding that protecting local, small businesses is not a legitimate interest for Jersey City. Instead, the Court is merely ruling that such an inquiry is fact sensitive and requires discovery.

### c. Equal Protection Violation (Count II)

Next, the City seeks to dismiss Plaintiff's class-of-one equal protection clause claim because Plaintiff fails to plead that Defendants acted with a discriminatory intent. *See* City Br. at 13-14. The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In arguing that Plaintiff must establish a discriminatory intent, the City cites to *Bradley v. United States*, which sets forth the standard to plead a protected status equal protection claim. *See Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002) (addressing "an equal protection claim in the racial profiling context").

A plaintiff may also assert a Fourteenth Amendment equal protection claim based on a "class-of-one" theory, which Plaintiff asserts here. Am. Compl. ¶ 96. To state such a claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)). Alleging that a defendant acted with a discriminatory intent is not a required element for a class-of-one claim. *See, e.g.*, *Highway Materials, Inc. v. Whitemarsh Township*, 386 F. App'x 251, 259 (3d Cir. 2010) (explaining that different treatment must be "irrational and wholly arbitrary"); *Fernandes v. City of Jersey City*, No. 16-7789, 2017 WL 2799698, at *6 (D.N.J. June 27, 2017) ("Still, the class-of-one claim does not require a political motive—only the lack of any rational basis for the disparate treatment.").

Because the City's motion to dismiss is based on discriminatory intent, which is not required for a class-of-one claim, the City's motion is denied on these grounds.

The City also argues that Plaintiff's equal protection claim fails because the Krispy Kreme discussed in the Amended Complaint "was subject to and complied with the Ordinances." City Br. at 15-16. To support this argument, however, the City relies on a certification that asserts facts that do not appear in the Amended Complaint. *See id.* (citing Adelman Cert., Ex. D). In deciding a motion to dismiss, a court ordinarily considers only the factual allegations in the complaint, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document integral to or explicitly relied upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis omitted) (citation omitted). The City's factual allegations about the Krispy Kreme, namely that it did not utilize more than 30% of the ground floor space, do not appear in the Amended Complaint. Further, the City does not contend that this information is a matter of public record or that it appears in any document that is integral to or explicitly relied upon in the Amended Complaint.[6] Thus, the Court does not consider this information as this time.

Consequently, the City's motion is denied as its arguments to dismiss the Fourteenth Amendment equal protection claim.

### d. Personal Involvement of Defendants

All Defendants argue that the Equal Protection Claim must be dismissed because Plaintiff fails to plead sufficient facts demonstrating each Defendant's individual involvement in the

---

[6] In its reply brief, the City incorrectly asserts that a court may consider information outside of the pleadings when deciding a Rule 12(b)(6) motion because "all 'parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" City Reply at 7 (quoting Fed. R. Civ. P. 12(d)). To be clear, Rule 12(d) addresses the procedure for converting a Rule 12(b)(6) motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). No party has asked this Court to covert the instant motions to motions for summary judgment, and the Court will not do so *sua sponte*. As a result, the Court only considers the factual allegations in the Amended Complaint.

purported wrongdoing. For Section 1983 liability to attach to "[an individual] defendant in a civil rights action[, that defendant] must have personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff's initial pleading was dismissed because Plaintiff alleged that Defendants collectively violated its constitutional rights without pleading facts demonstrating each Defendant's individual wrongdoing. The Court also noted that Plaintiff attributed much of the alleged wrongdoing to Fulop, who was not a named Defendant. Opinion at 7. In the Amended Complaint, Plaintiff sets forth specific conduct that is allegedly attributable to the City and the Council. Plaintiff further pleads that Mayor Fulop acted as an agent of the City and "induced the Council to take formal action by passing the Ordinances." Am. Compl. ¶ 34; *see also* N.J. Stat. Ann. § 40:69A-39 (explaining that under the mayor-council form of government, which is utilized by Jersey City, "[t]he executive power of the municipality shall be exercised by the mayor"). Accordingly, Plaintiff makes specific allegations of wrongdoing as to the City and the Council.

As for the JCRA and the JCPB, Plaintiff alleges that the JCPB voted to recommend that the Counsel amend certain redevelopment plans to add the formula business restrictions, which were ultimately adopted in the Ordinances.[7] Am. Compl. ¶¶ 51-58. Plaintiff also alleges that in applying the Ordinances, these Defendants knew that applicants in the redevelopment areas, including Plaintiff, were treated differently than applicants who were not located in areas impacted by the Challenged Ordinances. Am. Compl. ¶¶ 102-03. Plaintiff adds that the JCRA failed to

---

[7] The JCPB contends that its authority is limited to "a determination of whether the proposed zoning ordinance is consistent with the Master Plan." JCPB Reply at 2 (emphasis omitted). The JCPB continues that even if it determined that the Challenged Ordinances were inconsistent with the Master Plan, the City could still enact the Ordinances. *Id.* (quoting N.J. Stat. Ann. § 40:55D-62). This argument, however, ignores Plaintiff's allegation that without any meaningful review, the JCPB voted to recommend the Ordinances to the Council. Am. Compl. ¶¶ 37.

13

object to the City's decision to not apply the Ordinances to the Krispy Kreme, which resulted in a differential application of the law. *Id.* ¶¶ 100, 102. While sparse, these specific allegations are enough to withstand a motion to dismiss.[8]

### 2. Violation of N.J. Stat. Ann. § 40:55D-62.1 (Count III)

The City contends that Count III should be dismissed because the City fully complied with its statutory notice requirements. City Br. at 22. Section 40:55D-62.1 imposes personal notice requirements to affected property owners if a zoning ordinance, among other things, "proposes a change to the classification . . . of a zoning district." N.J. Stat. Ann. § 40:55D-62.1. Here, Plaintiff alleges that when read together, the Challenged Ordinances "effectively resulted in a zoning change that necessitated individual notice to all property owners of the affected areas." Am. Compl. ¶ 111. Plaintiff, however, did not receive personal notice of the Ordinances. *Id.* ¶ 112.

A change to classification is not defined in the statute. Courts, however, have determined that "classification refers to the use permitted in a zoning district . . . as well as sub-categories within the broader uses, such as single-family residential and high-density residential[.]" *Robert James Pacilli Homes, L.L.C. v. Township of Woolwich*, 926 A.2d 412, 419 (N.J. App. Div. 2007). Classification has also "been assumed to include changes to the density, bulk and height standards and *conditions applicable to designated uses*." *Id.* (emphasis added). To that end, "the type of notice to be provided on the occasion of a proposed amendment to a zoning ordinance should focus on the substantive effect of the amendment rather than the appellation given to the zone." *Id.* at

---

[8] In its opposition brief, Plaintiff contends that the JCRA is an agent of the City. Plf. Opp. at 29. Because the Court concludes that Plaintiff pleads sufficient facts demonstrating the JCRA's involvement in the alleged wrongdoing, the Court does not address whether Plaintiff adequately pleads that the JCRA was an agent of the City. Similarly, Plaintiff also argues that the JCPB "acted in concert" with the City. *Id.* at 30. The Court also does not reach this argument as to the JCPB because Plaintiff states a claim as to the JCPB based on the JCPB's individual conduct.

420. In *Pacilli Homes*, for example, the court determined that the Township Committee was required to follow the notice requirements and inform affected property owners of an ordinance that changed the density requirements in a residential zone. *Id.* Namely, the court determined that because the changes "dramatically altered the intensity of the residential use within each zone and promised to affect the character of the future development in both zones," the ordinances amounted to a change in classification. *Id.*

Here, Plaintiff plausibly pleads that the Challenged Ordinances amounted to a changed classification because they limited the type of tenant permitted in the redevelopment area. Accordingly, as pled, the City was required to give affected property owners, including Plaintiff, notice pursuant to N.J. Stat. Ann. § 40:55D-62.1. Plaintiff sufficiently states a claim in Count III.

### 3. Fundamental Fairness (Count V)

Next, the City seeks to dismiss Plaintiff's claim under the doctrine of fundamental fairness. Specifically, the City contends that this claim should be dismissed because Plaintiff fails to plead that the City committed indecent or egregious acts, necessary to state a claim under the fundamental fairness doctrine. City Br. at 23. The New Jersey doctrine of fundamental fairness "serves to protect citizens generally against unjust and arbitrary governmental action, and specifically against governmental procedures that tend to operate arbitrarily.'" *State v. Black*, 710 A.2d 428, 455 (N.J. 1998) (quoting *State v. P.Z.*, 703 A.2d 901 (1997)). The doctrine "is appropriately applied in those rare cases where not to do so will subject the defendant to oppression, harassment, or egregious deprivation." *Doe v. Poritz*, 662 A.2d 367, 421 (N.J. App. Div. 1995) (quoting *State v. Yoskowitz*, 563 A.2d 1 (N.J. 1989)). Plaintiff does not provide legal authority in which fundamental fairness has been applied in similar circumstances. And Plaintiff's

current allegations fail to meet the threshold of the potential "rare" case in which the doctrine is applicable. The City's motion is granted on these grounds and Count V is dismissed.

### 4. The Implied Covenant of Good Faith and Fair Dealing (Count VI)

Finally, the City and the JCRA seek to dismiss Count VI, a claim for breach of the implied covenant of good faith and fair dealing, because among other things, Plaintiff fails to plead that these Defendants acted in bad faith. City Br. at 25-26; JCRA Br. at 14-15. The Court agrees that Plaintiff fails to allege adequate facts demonstrating that any Defendant acted with bad faith.

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997). A party asserting a claim for breach of the implied covenant "must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225 (2005). In Count VI, Plaintiff pleads that the Redevelopment Agreement is an enforceable contract between Plaintiff and the JCRA. Plaintiff alleges that the JCRA breached the implied covenant by applying the Challenged Ordinances to select redevelopment agreements without giving proper notice. Am. Compl. ¶ 129. Plaintiff also alleges that the City, "through its agent and instrumentality the JCRA," breached the implied duty of good faith and fair dealing that arises from this contract by passing and applying the Ordinances. Am. Compl. ¶ 128. The Amended Complaint, however, does not include allegations demonstrating that any Defendant's conduct was motivated by bad faith. At best, the Amended Complaint alleges that Defendants succumbed to political pressure from Mayor Fulop. Without this critical allegation, Plaintiff's implied covenant claim fails. As a result, the City and the JCRA's motions are granted on these grounds and Count VI is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED in part and DENIED in part**. The motions are granted with respect to Counts V and VI of the Amended Complaint and these claims are dismissed. Defendants' motions are otherwise denied. With respect to the dismissed claims, the dismissal is without prejudice and Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, Counts V and VI will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: February 19, 2021

_____
John Michael Vazquez, U.S.D.J.